**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50336 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-00446-BRO-1 |
| v. | |
| VAGAN DOBADZHYAN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Submitted November 7, 2017**
Pasadena, California

Before: REINHARDT, GILMAN,*** and WARDLAW, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

The district court did not abuse its discretion in ordering a $220,000 partial bail forfeiture after Defendant-Appellant Vagan Dobadzhyan breached a condition of his bond by committing another crime while released on bail.

Federal Rule of Criminal Procedure 46(f) provides that "[t]he court must declare the bail forfeited if a condition of the bond is breached," but allows a court to "set aside in whole or in part a bail forfeiture" in accordance with "justice." We have established six non-exhaustive factors courts may consider when determining whether a forfeiture should be remitted. *United States v. Nguyen*, 279 F.3d 1112, 1115-16 (9th Cir. 2002). Not all factors need "be resolved in the government's favor" for a court to find forfeiture appropriate. *Id.* at 1116 (citation omitted). The district court found that four factors weighed in favor of forfeiture, one factor weighed against forfeiture, and one factor was irrelevant. Nevertheless, the district court remitted all of the $50,000 appearance bond and half of the $440,000 bond secured by real estate owned by Dobadzhyan, his ex-wife, and his daughter, recognizing the burden on Dobadzhyan's family members. The district court remained "sympathetic to the consequences a forfeiture may have on the sureties," *id.* at 1115 (citation omitted), and acted well within its considerable discretion in remitting more than half of the total bond.

**AFFIRMED.**